**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICKY KAMDEM-OUAFFO d/b/a KAMDEM GROUP, | No. 1:22-cv-03285-NLH-SAK |
| Plaintiff, | **OPINION and ORDER** |
| v. | |
| AMBER M. SPATARO, et al., | |
| Defendants. | |

**HILLMAN**, District Judge

WHEREAS, on June 1, 2022, Plaintiff Ricky Kamdem-Ouaffo ("Plaintiff") filed a "COMPLAINT PURSUANT TO LOCAL CIVIL RULE 104.1(d) AGAINST DEFENDANTS' ATTORNEYS," while referencing previously docketed matters Nos. 17-cv-07506, 18-cv-00298, and 18-cv-13119, (ECF 1); and

WHEREAS, on July 28, 2022, Plaintiff filed a 135-page Amended Complaint in which the original Local Civil Rule 104.1(d) complaint was copy-and-pasted in full, (ECF 16 at ¶ 110); and

WHEREAS, Plaintiff's Amended Complaint asserts that the Court has jurisdiction over this matter pursuant to Federal Rule of Civil Procedure 60(d) and seeks relief from opinions and orders entered under Docket No. 18-cv-00298 denying his motion for sanctions and dismissing his claims, (id. at ¶ 104-07); and

WHEREAS, Count 1 of Plaintiff's Amended Complaint alleges

fraud on the United States District Court for the District of New Jersey, Third Circuit Court of Appeals, and United States Supreme Court caused by Defendants "making, ratifying, and repeating false statements of adjudicative material facts and of laws to the Federal Courts," (id. at ¶¶ 122-24); and

WHEREAS, Count 1 of Plaintiff's Amended Complaint alleges violations of the New Jersey Rules of Professional Conduct, including Rules 3.3, 5.1, 8.3, and 8.4, (id. at ¶¶ 146-56, 234-43), and further alleges that Defendants conspired with Magistrate Judge Joel Schneider to commit a fraud on the courts or that Judge Schneider and the undersigned were misled by Defendants, (id. at ¶¶ 209-11); and

WHEREAS, Count 2 of Plaintiff's Amended Complaint alleges promoting, inciting, teaching, rehearsing, and aiding and abetting fraud against the courts, including by filing a police report in Connecticut, (id. at ¶¶ 279-97), and failure to provide phone and email records to support affidavits submitted under Docket No. 18-cv-00298, (id. at ¶¶ 309-14); and

WHEREAS, Count 3 of Plaintiff's Amended Complaint alleges conspiracy, the "embodiment" of which includes the filing of the Connecticut police report in purported violation of Connecticut law and the New Jersey Rules of Professional Conduct, (id. at ¶¶ 318-19), the filing of affidavits without supporting records, (id. at ¶¶ 331-32), and the filing of motions to dismiss and to

2

strike under Docket No. 18-cv-00298, (id. at ¶¶ 333-37); and

WHEREAS, Count 4 of Plaintiff's Amended Complaint alleges negligence and gross negligence for purported failure by Defendants to comply with the New Jersey Rules of Professional Conduct, (id. at ¶¶ 346-51); and

WHEREAS, Count 5 of Plaintiff's Amended Complaint alleges that he has been damaged by Defendants, (id. at ¶¶ 353-57); and

WHEREAS, central to Plaintiff's claims are representations and findings that Plaintiff failed to participate in a Rule 26(f) conference in a prior matter when he claims that he did, (id. at ¶¶ 132-52, 311, 332); and

WHEREAS, Defendants McElroy, Deutsch, Mulvaney & Carpenter, LLP, Kathleen N. Fennelly, Bernard T. Jacques, Dayne Johnson, and Michael Rato moved to dismiss Plaintiff's Amended Complaint on August 11, 2022, (ECF 20); and

WHEREAS, Defendants Littler Mendelson, P.C. and Amber M. Spataro moved to dismiss Plaintiff's Amended Complaint on August 15, 2022, (ECF 22); and

WHEREAS, Defendants Duane Morris LLP, Danielle M. Dwyer, Trevor Haruo Taniguchi, Leah Ariel Mintz, Jonathan Wetchler, Aliza Karetnick, Campbell Soup Company, Denise Morrison, and Carlos Barroso moved to dismiss Plaintiff's Amended Complaint on August 25, 2022, (ECF 31); and

WHEREAS, Defendants Task Management Inc., Stefan Mohan,

Corie Hess, and Linda Harrison moved to dismiss Plaintiff's Amended Complaint on September 15, 2022, (ECF 57); and

WHEREAS, Defendants make common arguments in support of their motions, including that Plaintiff's claims are barred by collateral estoppel, submissions made to courts are protected by the litigation privilege, and the New Jersey Rules of Professional Conduct do not create causes of action, (ECF 20-1; ECF 22-1; ECF 31-1; ECF 57-1); and

WHEREAS, some Defendants further seek – in addition to or in the alternative of grant of their motions to dismiss – to have Plaintiff's Amended Complaint stricken, (ECF 20-1 at 25-27; ECF 57-1 at 7), and bar Plaintiff from making additional filings in this and related cases, (ECF 31-1 at 34-40; ECF 57-1 at 8);[1] and

WHEREAS, on October 21, 2022, the Court administratively terminated Plaintiff's pending motions in anticipation of its impending ruling on Defendants' motions to dismiss, (ECF 74); and

WHEREAS, "[t]o survive a motion to dismiss, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" Doe v. Princeton

---

[1] Defendants' request to enjoin Plaintiff from submitting further filings and instituting additional actions will be addressed under Docket No. 18-cv-00298.

Univ., 30 F.4th 335, 341-42 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)), and – accepting the plaintiff's factual assertions, but not legal conclusions, as true – "'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" id. at 342 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); and

WHEREAS, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), see also MDNet, Inc. v. Pharmacia Corp., 147 Fed. Appx. 239, 245 (3d Cir. 2005) ("A pleading of fraud is subject to heightened specificity requirements."), and allegations of fraud against multiple defendants "must [be] plead with particularity by specifying the allegations of fraud applying to each defendant," Ponzio v. Mercedes-Benz USA, LLC, 447 F. Supp. 3d 194, 226 (D.N.J. Mar. 11, 2020) (quoting MDNet, Inc., 147 Fed. Appx. at 245), and cannot "merely lump multiple defendants together," id. (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007)); and

WHEREAS, dismissal is appropriate when the plaintiff fails to bring a claim with a viable legal basis, see Ford v. Se. Pa. Transp. Auth., 374 Fed. Appx. 325, 326 (3d Cir. 2010) (finding that dismissal was appropriate because 42 U.S.C. § 1981 does not provide a private cause of action), or when the plaintiff's

claim is barred by collateral estoppel, see Great W. Mining & Min. Co. v. ADR Options, Inc., 882 F. Supp. 2d 749, 760 (D.N.J. Feb. 8, 2012) (finding that res judicata, which encompasses collateral estoppel, "is an affirmative defense" and that "[s]uch a defense is grounds for a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)"); and

WHEREAS, "standing alone, a violation of the [New Jersey Rules of Professional Conduct] does not create a cause of action for damages in favor of a person allegedly aggrieved by that violation," Meisels v. Fox Rothschild LLP, 222 A.3d 649, 657 (N.J. 2020) (citing Baxt v. Liloia, 714 A.2d 271 (N.J. 1998), Sommers v. McKinney, 670 A.2d 99 (N.J. Super. Ct. App. Div. 1996), and Albright v. Burns, 503 A.2d 386 (N.J. Super. Ct. App. Div. 1986)), and such violations are to be directed to the New Jersey Office of Attorney Ethics, see Beebe v. Schultz, No. 14-1385, 2014 WL 2196767, at *2 (D.N.J. May 27, 2014): ("To the extent Plaintiff requests this Court to reprimand Defendant, Petitioner's disciplinary grievance seeking reprimand of Defendant is properly before the [Office of Attorney Ethics] and will be addressed accordingly."); Gross v. Maitlin, No. 11-4998, 2012 WL 6043274, at *5 (D.N.J. Dec. 3, 2012) ("If Plaintiff believes that Defendant's conduct violated any Rules of Professional Conduct, such matters are more appropriately directed to the Office of Attorney Ethics."); and

WHEREAS, to allege fraud against a court, a plaintiff must demonstrate (1) an intentional fraud, (2) by an officer of the court, (3) directed at the court itself, (4) that actually deceives the court, Herring v. United States, 424 F.3d 384, 386 (3d Cir. 2005), and such fraud cannot be supported by actions including perjury, id. at 390, or alleged inaccurate representations in statements of material facts supporting summary judgment motions, see Wei v. Pennsylvania, No. 21-2059, 2021 WL 4544139, at *2 (3d Cir. Oct. 5, 2021); and

WHEREAS, "[a] claim for aiding and abetting fraud also requires proof of the underlying tort," Prudential Ins. Co. of Am. v. Credit Suisse Sec. (USA) LLC, No. 12-7242, 2013 WL 5467093, at *19 (Sept. 30, 2013) (quoting State Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc., 904 A.2d 775, 784 (N.J. Super. Ct. App. Div. 2006)), and similarly "[a] plaintiff can prove civil conspiracy only if it can prove the 'underlying, independent wrong,'" N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co., Inc., No. 10-148, 2012 WL 209349, at *3 (D.N.J. Jan. 24, 2012) (citing Farris v. Cnty. of Camden, 61 F. Supp. 2d 307, 331 (D.N.J. Aug. 20, 1999) and Averbach v. Rival Mfg. Co., 809 F.2d 1016, 1019 (3d Cir. 1987)); and

WHEREAS, "[o]nly in limited circumstances will a lawyer owe a non-client a duty of care," Jonas v. Gold, No. 13-2949, 2014

7

WL 4854484, at *9 (D.N.J. Sept. 30, 2014) (noting that "New Jersey courts are reluctant to permit a non-client to sue his adversary's attorney"), such as when the attorney invites the non-client to rely on their work or should know that the non-client will rely on their work, see Martino v. Everhome Mortg., 639 F. Supp. 2d 484, 495 (D.N.J. July 31, 2009)(discussing Banco Popular N. Am. v. Gandi, 876 A.2d 253 (N.J. 2005)); and

WHEREAS, a claim that one has been damaged does not itself state a viable cause of action, see 290 Madison Corp. v. Capone, 485 F. Supp. 1348, 1352 (D.N.J. Mar. 12, 1980) ("The maxim is that damage without wrong, or 'damnum absque injuria', does not constitute a cause of action." (citing Ala. Power Co. v. Ickes, 302 U.S. 464, 479 (1938) and 1 Am. Jur. 2d Actions § 70 (1962))); and

WHEREAS, collateral estoppel prevents the re-litigation of issues where (1) the submitted issues are the same as those that were part of a prior action, (2) the issues were actually litigated in the prior action, (3) the issues were determined by a final and valid judgment, and (4) the determination of the issues was essential to the judgment, Great W. Mining & Min. Co., 882 F. Supp. 2d at 760, and that this Court addressed the issue of Plaintiff's participation in Rule 26(f) conferences in granting summary judgment against Plaintiff in a prior action, see Kamdem-Ouaffo v. Campbell Soup Co., Nos. 18-00298 & 18-

8

13119, 2020 WL 6156713, at *9 (D.N.J. Oct. 20, 2020), which was thereafter affirmed by the Third Circuit, see Kamdem-Ouaffo v. Campbell Soup Co., Nos. 20-3172 & 20-3173, 2021 WL 5600508, at *3 (3d Cir. Nov. 30, 2021).

THEREFORE,

IT IS HEREBY on this  7th   day of    November      , 2022

ORDERED that Defendants' motions to dismiss, (ECF 20; ECF 22; ECF 31; and ECF 57), be, and the same hereby are, GRANTED and Plaintiff's Amended Complaint, (ECF 16), be, and the same hereby is, DISMISSED WITH PREJUDICE.


At Camden, New Jersey

 s/ Noel L. Hillman 
NOEL L. HILLMAN, U.S.D.J.